IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SUSAN SHOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF MCHENRY, ILLINOIS, CAITLYN MENEELY, JOHN SOSNOWSKI JR., JENNIFER ASPLUND, CAROLYN DECMAN, JANELLE CARLSON, PAIGE DELFINO, KAITLYN KONZAK, ANASTASIA WARD, PETER KENNEDY, KARA PLONCZYNSKI, and MARYELLEN HOWELL<br><br>        Defendants. | Case No. 3:22-cv-50075<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

    Before the court is Defendants' motion to stay Plaintiff's federal claims pending the resolution of criminal proceedings that run parallel to this case, as well as Defendants' 12(b)(6) motion to dismiss. Dkt. 14. For the following reasons, the Court grants Defendants' request for a stay, and denies the motion to dismiss without prejudice to renew it when the stay is lifted.

**I. BACKGROUND**

    Plaintiff, Susan Shott, filed suit against McHenry County, seven animal control officers and four McHenry County Sheriff Deputies (Sheriff Deputies). Plaintiff's complaint has seven counts. Counts I–V allege Fourth Amendment violations

1

brought under 42 U.S.C. § 1983 for unlawful entry, search, seizure, deprivation of property, false arrest, and failure to intervene. In Count VI, Shott brings a claim for intentional infliction of emotional distress and bodily injury against the individual defendants. Count VII seeks recovery against McHenry County for the actions of the individual defendants in Counts I–V based on the Supreme Court's holding in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978).

The claims arise out of the following series of events.[1] Susan Shott fell behind on her mortgage payments for the home she lived at in Harvard, Illinois, and on October 30, 2019 the bank foreclosed on her home. Dkt. 15-1, Exh. 2. That same day an order for eviction was entered in McHenry County. *Id.* On November 20, 2019, a McHenry County circuit judge granted Shott's motion to stay possession of the property through December 14, 2019. Dkt 15-1, Exh. 3. Following the order, Shott made private arrangements with the bank to delay her eviction until March 3, 2020, which was done "purely out of courtesy" by the bank. Dkt. 20-1, at 6. On March 4, 2020, Shott requested "a very small extension" until March 8, 2020, to finish moving out, the bank granted this extension. Dkt 20-1, at 8–9.

On March 9, 2020, McHenry Sheriff Deputies arrived at Susan Shott's home in Harvard, Illinois to enforce an eviction order entered by the McHenry Circuit Court. Shott alleges that the Sheriff Deputies' arrival was unexpected because she was not informed that she would be evicted on March 9th. Compl. ¶ 29; Dkt. 20 ¶ 5. Shott alleges that Defendants unlawfully entered and searched her fenced yard, attached

---

[1] These facts are taken from Plaintiff's complaint and Exhibits in the record.

garage, and home. Compl. ¶ 38. Stemming from the search and entry on the property, Defendants seized her dogs, her pet snakes, and the body of a dog that had been deceased for two-weeks. *Id.* Shott asserts that this was done without a warrant, probable cause, and without her consent. *Id.* Shott further claims that she was unlawfully deprived of her property in two ways. First, when Defendant Kennedy, as the McHenry Animal Control veterinarian, "lied about the condition" of her pets and "fabricated medical issues that they did not have" to justify euthanizing three dogs and two snakes. Compl. ¶ 86. And second, when Defendants allegedly failed to properly enforce the eviction and prevented their own movers from removing Shott's property from the home. Compl. ¶ 54; Compl. at 32–33.

Before leaving the property, Defendants issued Shott 32 criminal citations for animal cruelty and/or animal neglect. These criminal charges remain pending in McHenry County. 2022CM000170. Shott alleges these animal abuse/neglect charges are false and were filed against her in retaliation for filing this federal suit. Compl. ¶¶ 68–73; Dkt. 20, at 6–7.

## II. MOTION TO STAY

Defendants argue that this Court should abstain from proceeding with this case under the *Younger* abstention doctrine and should stay this suit until Shott's state criminal proceedings have concluded.

### A. LEGAL STANDARD

The *Younger* doctrine directs federal courts to abstain from interfering with ongoing state criminal proceedings. The state proceedings must (1) be judicial in

3

nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims. *FreeEats.com v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 53 (1971). State procedures afford a plaintiff an adequate opportunity for review of constitutional claims. *FreeEats*.com, 502 F.3d at 598. However, *Younger* abstention is improper when the pending state proceeding was motivated by a desire to harass or is conducted in bad faith. *Id.* at 597.

When the federal suit is filed first, the court also considers the progress of the federal action before deciding whether abstention is appropriate. *Forty One News, Inc. v. County of Lake*, 491 F.3d 663, 666 (7th Cir. 2006). The district court must abstain if no meaningful progress has been made in federal court on the merits. *Id.*

When *Younger* abstention is required, "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (dismissing plaintiff's civil-rights claims was improper because the claims had the possibility of becoming time barred at the conclusion of the state proceedings); *see also Nelson v. Murphy*, 44 F.3d 497, 503 (7th Cir. 1995). A stay allows the state case to go forward without interference from the federal proceeding, while assuming jurisdiction where it properly exists. *Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995) (citing *Deakins*, 484 U.S. at 202–03).

4

## B. ANALYSIS

Defendants argue that each of the *Younger* criteria have been met, so the Court should invoke the doctrine and abstain from hearing Shott's federal claims. The Court agrees. Shott's state criminal proceeding is, in its plain meaning, judicial in nature. Second, the criminal proceeding implicates important state interests. McHenry County and the State of Illinois have an inherent interest in enforcing their laws against animal cruelty, which the state has deemed to be socially harmful conduct. *See Younger,* 401 U.S. at 52.

The final *Younger* requirement is for Shott to have adequate opportunity to raise her constitutional claims and have these claims reviewed. Defendants claim that Shott "has the full panoply of criminal trial procedure available to her…". Def. Memo. in Support, Dkt. 15, at 3. There is no indication that Shott's state criminal proceeding will prevent her from litigating the issues raised in her complaint at trial or on appeal. All of Shott's federal claims arise from the events that occurred during her eviction on March 9, 2020, which overlaps with her state criminal charges. So, the conduct she alleges was unlawful in her federal complaint will necessarily be raised when litigating her criminal charges and she will have an adequate opportunity to raise her constitutional claims. *FreeEats.com*, 502 F.3d at 598 (federal courts should assume that state proceedings will afford an adequate opportunity to review constitutional claims).

Shott's only argument against the Court's abstention is that she claims her case presents extraordinary circumstances that requires this Court to intervene

5

in her state proceeding.[2] *FreeEats.com*, 502 F.3d at 596–97 (under *Younger* federal courts may act only when extraordinary circumstances exist such as when the pending state proceeding is motivated by a desire to harass or is conducted in bad faith, or when the federal plaintiff demonstrate an extraordinarily pressing need for immediate equitable relief to avoid an irreparable injury). Shott argues that the criminal charges against her were brought in bad faith to harass her.

However, Shott has not pointed to sufficient evidence of bad faith or harassment to trigger this exception. *See Younger*, 401 U.S. at 54. Shott's only support for applying this *Younger* exception is her allegation that the criminal charges were filed as a retaliatory response to the filing of this suit in federal court. Dkt. 20, at 6–7. But this is insufficient evidence, as Shott must "present more than mere allegations and conclusions" of any bad faith or harassment. *Olson v. O'Malley*, 352 Fed. Appx. 92, 95 (7th Cir. 2009) (citing *Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999)). Absent this showing, Shott has not met the standard to preclude abstention.

Because Shott alleges that the evidence against her in the state animal cruelty charges was obtained from an unlawful search and seizure in violation of her Fourth Amendment rights, Shott's claims for damages under § 1983 raises underlying constitutional issues that may be subject to adjudication in her state

---

[2] The Court will not address Shott's argument that the state court criminal charges are barred by the statute of limitations. Mem. Opp. Motion to Stay and Dismiss, Dkt. 20, 4–7. Those arguments can be brought and decided in state court.

6

criminal case. A federal judgment on Shott's constitutional claims may undermine and interfere with the state court's adjudication of the criminal proceedings. *Simpson*, 73 F.3d at 138 ("The policy against federal interference with pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment.") Still, Shott's federal claims are monetary damages for constitutional violations under § 1983, a remedy exclusive to federal courts. Therefore, she will not have the opportunity to raise these claims in her state criminal trial and a stay of proceedings, rather than dismissal, is appropriate. *Deakins*, 484 U.S. at 202. Additionally, no rulings have been made on the merits of the case, nor has any discovery taken place. *See Forty One News, Inc.*, 491 F.3d at 666–67 ("Nothing important relating to the merits" had occurred when the court only ruled on a motion to dismiss and no discovery had taken place).) For these reasons, *Younger* abstention applies in "full force". *Id.* Defendants' request to stay this suit is granted.

## III. MOTION TO DISMISS

Defendants argue that Count I for Unlawful Search and Seizure, Count VI for Intentional Infliction of Emotional Distress, and Count VII that seeks to hold McHenry County liable for damages under *Monell*, should be dismissed for failure to state a claim under 12(b)(6). Because the case is stayed, the Court need not rule on Defendants' motion to dismiss.

## IV. CONCLUSION

For these reasons, Defendants' motion to stay under the *Younger* abstention doctrine is granted, and motion to dismiss is denied without prejudice. This suit is stayed pending resolution of *People v. Shott, Susan*, 2022CM000170 (Cir. Ct. McHenry Cnty., Ill. filed March 25, 2022). The parties are ordered to file a joint written status report on the criminal proceedings in 90 days.

Date: October 20, 2022

_____
Honorable Iain D. Johnston
United States District Judge